FILED

03/25/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2019

**STATE OF TENNESSEE v. LOUIS DANE DEVILLIER**

**Appeal from the Circuit Court for Williamson County**
**Nos. I-CR099102, I-CR099073, I-CR160704   Michael Binkley, Judge**

_____

**No. M2018-00565-CCA-R3-CD**
_____

THOMAS T. WOODALL, J., concurring.

I concur in the conclusion that the judgments of the trial court should be affirmed if the decision of this court must be made addressing the merits of the case. However, I would dismiss the appeal because, as the State correctly points out, the notice of appeal was not timely filed, and Defendant has failed to seek a waiver of the timely filing of the notice.

In its brief, the State clearly raised the issue that the appeal should be dismissed. The total of what is stated on page 5 is as follows, printed in the same font with bold capital letters as in the brief:

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Whether this appeal should be dismissed because the notice of appeal was nine days late; alternatively, whether the trial court properly sentenced the defendant to confinement following his guilty plea to misdemeanor offenses.

On the first page of the argument section of the State's brief, footnote 3 takes up almost one-half of the page, and states as follows, in the same font size as is in the brief:

3 The State notes that the trial court's judgments were filed on February 15, 2018, but Defendant's notice of appeal was not filed until March 28, 2018, which was nine days late. (I, 47-51, 57-60.) The trial court entered a prepared order addressing sentencing and Defendant's report date on March 6, 2018, which is the date given for the filing of the judgment on Defendant's notice of appeal

document. However, the notice of appeal was still due 30 days after entry of the uniform judgment document. Tenn. R. App. P. 4(a); *see State v. Grace Ann Blair,* No. M2015-01231-CCA-R3-CD, 2016 WL 6776356, at *3 (Tenn. Crim. App. Nov. 16, 2016) (filing of the judgment form started the time to file the notice of appeal even though the trial court later entered written findings) (no perm. app. filed). Accordingly, this appeal should be dismissed unless the Court decides to waive the timely filing requirement in the interest of justice.

Finally, in its "**CONCLUSION**" on page 19 of its brief, the State requests the following relief:

## CONCLUSION

This appeal should be dismissed because the notice of appeal was not timely filed, and Defendant has not sought waiver. Alternatively, the judgment of the Williamson County Circuit Court should be affirmed.

Any attorney who read the State's brief in this case could not fail to see that the State was requesting the appeal to be dismissed because the notice of appeal was not timely filed. The State's brief was filed on October 26, 2018. The record shows that Defendant's counsel was also served with a copy of the State's brief by e-mail on October 26, 2018. Pursuant to Rule 29(a) of the Tennessee Rules of Appellate Procedure, Defendant had 14 days to file a reply brief that could have addressed the State's accurate claim that the notice of appeal was not timely filed and could have requested waiver of the timely filing in the interests of justice. Tenn R. App. P. 4(a). However, no reply brief was filed. In addition, Defendant, through counsel, could have filed a motion to waive the timely filing of the notice of appeal, but no motion was filed.

There are at least four explanation for Defendant's complete failure to address the State's request for this court to dismiss the appeal: counsel read the State's brief, but did not understand the significance of the State's argument; counsel understood the State's argument but failed to research for an appropriate response; counsel understood the issue but decided to ignore the issue; or, counsel never read the State's brief.

Utter failure by defense counsel in this case to respond to the State's argument to dismiss an appeal because of an untimely filed notice of appeal is sadly not an isolated event. I have seen this identical situation in previous cases, most recently in *Lazette*

*Sanders v. State*, No. W2018-00098-CCA-R3-PC, 2019 WL 911137 (Tenn. Crim. App. Feb. 21, 2019).

This court routinely waives the timely filing of a notice of appeal when the appealing party requests the relief and provides some reason to show that in the interest of justice the waiver should be granted, even when the time periods of delinquency are longer than the nine days in this case. However, if a party apparently indicates by inaction that no interests of justice exist to waive the timely filing of the notice of appeal, I do not see the need to deny the State's request to dismiss the appeal in cases such as this one.

_____
THOMAS T. WOODALL, JUDGE